# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALLEN COSBY, Inmate #B36680,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 07-232-WDS** |
| ) | |
| **BIG MUDDY RIVER CORRECTIONAL** ) | |
| **CENTER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a prisoner proceeding pro se, has filed a civil case pursuant to 42 U.S.C. § 1983, concerning the removal of funds from his prison trust fund account for payment of previously-filed civil lawsuits. With the complaint, Plaintiff filed four pages of a trust fund account statement from the Big Muddy River Correctional Center reflecting the removal of these monies from his trust fund account in January and February of 2007. Initially, the Court construed this trust fund statement as a motion to proceed *in forma pauperis* in the action. On closer inspection, however, the Court now believes that these pages were intended to function as exhibits to the complaint.

Therefore, the Court finds that Plaintiff has not yet paid the $350 filing fee for this action, nor has he filed a properly supported motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915.

**IT IS HEREBY ORDERED** that, within **THIRTY (30) DAYS** of the date of the entry of this order, Plaintiff shall pay the $350 filing fee applicable to this action. In the alternative, Plaintiff may file a motion to proceed *in forma pauperis*, supported by a certified copy of his prison trust fund

account statement for the six-month period immediately preceding the filing of the complaint and an affidavit that includes a statement of his assets.  Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.  Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.*  28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:  August 8, 2007**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**
